**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| SHERYL COLEMAN and LUBERTA ALLEN, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No. 08-cv-0145-MJR<br>) |
| EAST ST. LOUIS SCHOOL DISTRICT NO. 189, | )<br>)<br>) |
| Defendant. | ) |

**MEMORANDUM and ORDER**

**REAGAN, District Judge:**

On November 13, 2007, Plaintiffs Sheryl Coleman and Luberta Allen filed a two-count Complaint against Defendant East St. Louis School District No. 189 (the "District") in St. Clair County, Illinois, alleging claims of breach of contract and duty of good faith, and defamation. Plaintiffs subsequently amended their Complaint to allege counts of deprivation of constitutional rights under 42 U.S.C. § 1983 and breach of contract and duty of good faith under Illinois law. The District removed the case to the United States District Court for the Southern District of Illinois on February 28, 2008.

On September 19, 2008, the Court granted the District's motion for summary judgment and dismissed this action with prejudice. On October 15, 2008, Plaintiffs moved the Court to grant relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(1) (Doc. 23). On May 20, 2009, the Court granted the motion as to Plaintiff Luberta Allen and vacated its September 19, 2008, grant of summary judgment entered against Allen. The Court denied the motion as to Plaintiff Sheryl Coleman because Coleman served as a principal with the District for only one year:

1

2006-2007. Consequently, she was not entitled to the protections of 105 ILCS 5/10-23.8b, which requires "2 or more years of administrative service." Coleman has now filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(1), submitting that she has completed the requisite two years of service with the District (Doc. 32).

Under Rule 60, a district court may grant relief from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. **Fed.R.Civ.P. 60(b).** *See also Tobel v. City of Hammond*, **94 F.3d 360, 361 (7th Cir. 1996)**.

Whether to grant the relief sought in a Rule 60(b) motion lies within the sound discretion of a district court. *See United States v. Golden Elevator, Inc.*, **27 F.3d 301, 303 (7th Cir. 1994);** *Bally Export Corp. v. Balicar, Ltd.*, **804 F.2d 398, 400 (7th Cir. 1986)**. "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Harrington v. City of Chicago*, **433 F.3d 542, 546 (7th Cir. 2006) (quoting** *Karraker v. Rent-A-Center, Inc.*, **411 F.3d 831, 837 (7th Cir. 2005)).** *See also Camp v. Gregory*, **67 F.3d 1286, 1290 (7th Cir. 1995) ("[R]elief under Rule 60(b) is an extraordinary remedy reserved for the exceptional case.")**. Relief under Rule 60(b) is "essentially equitable in nature and is to be administered upon equitable principles." *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.,* **726 F.2d 1202, 1208 (7th Cir. 1984).** *See also McCormick v. City of Chicago*, **230 F.3d 319, 327 (7th Cir. 2000) (calling a district court's decision as to whether to grant relief under Rule 60(b) "discretion piled on**

discretion").

A district court's equitable power to grant relief under Rule 60(b) must balance the competing policies of determining cases on their true merits against the desire to preserve res judicata and achieve finality in litigation. *See Nautilus Ins. Co. v. Site Recovery Servs., Inc.*, **2006 WL 1068997, at \*4 (N.D.Ill. 2006). See also 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2857 (1998 & Supp. 2006) (in discussing Rule 60, stating, "The policy of the law to favor a hearing of a litigant's claim on the merits must be balanced against the desire to achieve finality in litigation.") (footnote omitted) (collecting cases)**. Rule 60 "was designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law," *Russell v. Delco Remy Div. of General Motors Corp.*, **51 F.3d 746, 749 (7th Cir. 1995)**, and relief under the rule is warranted "only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *Dickerson v. Board of Educ. of Ford Heights, Ill.*, **32 F.3d 1114, 1116 (7th Cir. 1994)**. Finally, a court may not grant relief pursuant to Rule 60(b)(6), the "catchall" section of the Rule providing for vacation of a judgment for "any ... reason justifying relief from the operation of the judgment," where one of the other enumerated grounds for relief set out in Rule 60(b) is applicable. *See Webb v. James*, **147 F.3d 617, 622 (7th Cir. 1998)**. With these standards in mind, the Court turns to consideration of Plaintiff's Rule 60 motion.

In Plaintiffs' October 15, 2008, motion to vacate the Court's order, their sole contention was that the Court had mistakenly concluded that neither Coleman nor Allen had completed the requisite "2 or more years of administrative service" within the meaning of 105 ILCS 5/10-23.8b. Given that this was the precise issue that the matter turned on, it is inexplicable that

Coleman submitted the affidavit that she now apparently wishes to revise. *See* Doc. 23-2, Coleman Affidavit. In her affidavit, Coleman averred, "Based upon my review, my credited administrative service as a school principal covers the period from 2001 to 2007, inclusive, and that such credited administrative service is accurate and true. The administrative service has been with the Decatur School District 61(2001-2005) and the East St. Louis School District 189 (2006-2007)." Coleman Aff., ¶ 3.

It is common knowledge that a school year runs approximately from the fall of one year through the spring of the following year - or, in this case from fall, 2006 through spring, 2007. Thus, the 2006-2007 school year is *one* year. No mention was made in Coleman's affidavit regarding administrative service in the District in the 2005-2006 school year, despite the fact that the 2-year issue is exactly what Coleman was contesting.

Coleman now returns to the Court for a third bite of the apple, asserting that - contrary to her October 13, 2008, affidavit - she was employed by the District as an elementary school principal beginning with the 2005-2006 school year and continuing through the 2006-2007 school year. She submits an affidavit to that effect, stating, "In the prior affidavit, I attempted to state that I had credited administrative service as a school principal with the East St. Louis School District 189 in 2006-2007. My prior administrative service as a school principal with East St. Louis School District 189 covered two (2) school years, to-wit: 2005-2006 school year and 2006-2007 school year." Doc. 32-2 Coleman Aff. ¶¶ 3, 4.

The District relied upon Coleman's affidavit, as the Court did, submitting that "this Court's conclusion was correct as to Plaintiff Coleman in that her own affidavit confirms that she only served as an administrator with Defendant for one year (2006-2007)." Doc. 25, p. 2. Only

4

now, having reviewed its personnel/employment records, does the District concede - and confirm - that Coleman served as a principal for two years, 2005-2006 and 2006-2007.

The Court is not a mind reader, does not second-guess a party's affidavit, and does not assume facts not in evidence. While sorely tempted to leave the parties as it finds them, the Court believes that this would serve no good end. Coleman would likely refile her lawsuit, unless barred by the statute of limitations, and the case would simply begin again.

Coleman's problem under Rule 60(b)(1) is that it "may apply to clerical errors, oversights, or omissions by judicial officers." ***Harwood v. Summerville*, 92 Fed.Appx. 336, 338, (7th Cir. 2004) (citing *Klingman v. Levinson*, 877 F.2d 1357, 1361 (7th Cir.1989); *Brandon v. Chicago Bd. of Educ*., 143 F.3d 293, 295 (7th Cir. 1998) (Rule 60(b)(1) applies to errors by the court))**. Coleman can obtain relief under Rule 60(b)(1) only if the Court finds that believing Coleman's original affidavit was an error, oversight or omission by the Court. The Court finds that conclusion untenable. Relief is not available to Coleman under Rule 60(b)(1).

Rule 60(b)(6) adds a "catch-all" provision that allows relief for "any other reason justifying relief from the operation of the judgment." **FED. R. CIV. P. 60(b)(6);** ***Webb v. James*, 147 F.3d 617, 622 (7th Cir. 1998) (noting that relief under the "catchall" section of Rule 60(b)(6) is available only when other subsections do not apply)**. Whether or not Coleman is entitled to relief under Rule 60(b)(6) lies within the sound discretion of the district court. ***Neuberg v. Michael Reese Hosp. Found*., 1997 WL 421030, at \*4 (7th Cir. 1997)**. While considering it to be a stretch to grant Coleman's motion under 60(b)(6), the Court is willing to make that stretch because it serves judicial efficiency and economy as well as obtaining what the Court perceives to be a correct result.

For the foregoing reasons, the Court **GRANTS** Plaintiff Sheryl Coleman's motion

for relief from judgment (Doc. 32) and **VACATES** the September 19, 2008, grant of summary judgment entered against Coleman.

       **IT IS SO ORDERED.**

       **DATED this 30th day of July, 2009**

                                          **s/Michael J. Reagan**
                                          **MICHAEL J. REAGAN**
                                          **United States District Judge**